**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GEORGE MOORE**, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>**CHW GROUP, INC.**, d/b/a Choice Home Warranty, a New Jersey corporation<br><br>          Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs George Moore ("Plaintiff" or "Moore") brings this Class Action Complaint against Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("Choice Home Warranty" or "Defendant") to: (1) stop its practice of placing pre-recorded telephone calls to residential telephone numbers without the proper consent; (2) stop Defendant from calling consumers who are registered on the National Do Not Call Registry and who have demanded that Defendant stop calling, and (3) stop calls to Illinois consumers without asking at the beginning of the call whether the Illinois consumer consents to the solicitation. Moore, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.    Plaintiff Moore is a resident of Carol Stream, DuPage County, Illinois.

2.    Defendant Choice Home Warranty is a corporation incorporated and existing under the laws of the State of New Jersey. Its principal office address is 1090 King Georges Post Rd, Edison, New Jersey 08837. Choice Home Warranty does business throughout the United

1

States, including in the State of Illinois and in this District.

## JURISDICTION & VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, a

federal statute.

4.     The Court has personal jurisdiction over Defendant and venue is proper in this

District because Defendant regularly conducts business in this District, and a substantial part of

the events giving rise to the claims asserted herein occurred in this District.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant

conducts a significant amount of business within this District and markets to this District,[1] and

because the wrongful conduct giving rise to this case occurred in, was directed to, and/or

emanated from this District. Venue is further proper in this District because Plaintiff Moore

resides in this District.

## COMMON ALLEGATIONS OF FACT

6.     Defendant Choice Home Warranty offers appliance service contracts that purport

to protect homeowners against high repair and replacement costs.

7.     Defendant Choice Home Warranty casts its marketing net too wide. That is, in an

attempt to promote Choice Home Warranty's business and services, Defendant conducted (and

continues to conduct) a wide-scale telemarketing campaign that features the making of repeated

---

[1] *See e.g.* http://www.choicehomewarranty.com/user_agreement.php (Choice Home Warranty's Terms of Service, specifically noting that they do business in Illinois); https://www.ilgande.com/ProductsAndServices/HomeWarranty.aspx (Sales partnership with Illinois Gas & Electric in this District); http://www.nbcchicago.com/investigations/Home-Warranty-Business-Accused-of-Not-Paying-Up-234666501.html (NBC 5 news story on problems with Defendant experienced by resident in this District).

pre-recorded voice calls to consumers' residential landline telephones—including numbers that appear on the National Do Not Call Registry—without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). In addition, Defendant calls consumers on the National Do Not Call Registry even after such consumers specifically request that the calls stop.

8.    Consumer complaints about Choice Home Warranty's invasive and repetitive calls are legion. As a sample, consumers have complained as follows:

- "Choice home warranty. They won't stop calling even though I've asked repeatedly."[2]
- "I've asked them repeatedly to stop calling me. I've added them to the auto rejection list."[3]
- "I get calls from these people time and time again. I keep telling them to stop calling me. Its choice home warranty. If i was thinking about giving them any business, they lost it by their constant harassing phone calls"[4]
- "Company keeps calling my phone and most times don't say anything when I answer the phone."[5]
- "I have asked for them to stop calling and to be removed from the list and yet they call 8-9 times a day"[6]
- "This number keeps calling and hanging up and another number does the same, 732-898-3609"[7]
- "some home warranty robo call"[8]
- "rang once then hung up I told them to stop calling. I keep blocking numbers they call from."[9]
- "I was looking for an appliance warranty online and got sucked in by these jacka$$es promise of a free quote online. Stupidly entered my phone number... received NO quote online, but did receive daily and some times 4-5 times daily phone calls. I have answered on numerous occasions, told them I'm not interested so I finally just blocked them."[10]
- "Got one this morning and have been getting them every other day; no

---

[2] https://www.shouldianswer.com/phone-number/8008144345
[3] *Id.*
[4] https://800notes.com/Phone.aspx/1-732-374-3353/2
[5] *id*
[6] *id*
[7] *id*
[8] http://800notes.com/Phone.aspx/1-800-814-4345
[9] *Id.*
[10] *Id.*

message left. Called it from a different number and they answered as 'choice home warranty.'"[11]

- "It was from a home warrant service - Choice .....I have asked a few time to be removed from the list ....I asked again today!"[12]

9.    When placing these calls to consumers, Choice Home Warranty failed to obtain prior express consent of telephone owners/users as required by the TCPA.

10.    Furthermore, Defendant calls consumers who have no "established business relationship" with Defendant and whose numbers are registered on the National Do Not Call Registry.

11.    Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them more than thirty (30) days after requesting stop.

12.    Defendant knowingly made (and continues to make) telemarketing calls to residential telephones without the prior express consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and other members of the putative Classes but also intentionally and repeatedly violated the TCPA.

13.    By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasions of privacy that result from the receipt of such calls. Furthermore, the calls intentionally interfered with Plaintiff and the other Class members use and enjoyment of their telephones, including the related data, software, hardware components and ability to temporarily use their property.

14.    The TCPA was enacted to protect consumers from unsolicited telephone calls like

---

[11] http://800notes.com/Phone.aspx/1-732-374-3396
[12] *Id.*

those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs file the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to residential telephone consumers using pre-recorded voice technology as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF GEORGE MOORE

15.     On July 6, 2003, Plaintiff Moore registered his residential phone number on the national do not call registry to avoid unsolicited telemarketing calls to that number.

16.     Starting in November 2016, Plaintiff Moore received a series of calls on his residential line, including pre-recorded calls, soliciting him to purchase Choice Home Warranty services.

17.     Specifically, among other calls, Plaintiff Moore received calls on November 14, 2016 (multiple times), November 23, 2016 (multiple times), November 25, 2016, November 28, 2016, December 2, 2016, December 8, 2016, December 9, 2016, December 13, 2016, December 14, 2016, January 23, 2017, March 9, 2017, and March 10, 2017.

18.     On November 25, 2016 Plaintiff Moore emailed Choice Home Warranty with the title "TCPA Violations" and informed Choice Home Warranty about 4 telemarketing calls he had received on November 23, 2016 from Choice Home Warranty to his phone which is registered on the DNC. In that email, Moore states that he never filled out or completed any contact form to be called by Choice Home Warranty and would have no use for such a service. In addition, he requested a copy of their do-not-call policy. An agent from Choice Home Warranty responded to Plaintiff Moore that day and informed him that his phone number would be removed from their database. Later that day, Plaintiff Moore received another telemarketing

call from Choice Home Warranty and again informed the Choice Home Warranty agent in writing that the calls should stop and that he informed the previous caller for the calls to stop. He also requested that the agent send him their do not call policy. The agent acknowledged his do not call policy request but never provided it to him. To date no one has ever provided Plaintiff with a copy of Choice Home Warranty's do not call policy.

19. On November 28, 2016 Plaintiff Moore once again emailed Choice Home Warranty providing his phone number and again requesting that the calls stop since he had received yet another call that day. He also once again requested the apparent consent requesting the date, time, and website that Defendant was claiming he had visited. Choice Home Warranty never responded to this request.

20. Despite these written requests for the calls to stop, Plaintiff Moore continued to receive unsolicited calls from Choice Home Warranty.

21. Defendant Choice Home Warranty called Plaintiff Moore's phone number on December 9, 2016 from 732-374-3401 and on December 13, 2016 from 732-898-3609 using a pre-recorded solicitation.

22. When Plaintiff Moore was called on December 14, 2016 he asked the agent how Defendant had obtained his phone number. The agent claimed that Plaintiff Moore had visited the Choice Home Warranty website and inquired about a home warranty. On that call, Plaintiff Moore made it clear that he had never visited Defendant's website and asked the agent to provide him the date that he supposedly went on the website. Instead of providing Plaintiff with this information, the agent hung up the call.

23. In light of that exchange, Plaintiff Moore continued to receive unsolicited calls from Choice Home Warranty through December 2016 and January and March of 2017. Several

calls were made more than thirty (30) days after Moore requested to no longer be called.

24.     Plaintiff Moore does not have a relationship with Defendant, never provided any consent to be called using a pre-recorded voice or otherwise, and repeatedly and explicitly revoked any consent he may have previously given for Defendant to contact him.

## CLASS ACTION ALLEGATIONS

25.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff Moore brings this action on behalf of themselves and the three classes defined as follows:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agency acting on behalf of Defendant) called on the person's residential telephone (2) using a prerecorded voice message, and (3) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff.

> **Stop Call DNC Registry Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's telephone; (4) more than one time during any 12-month period; (5) where the person's telephone number had been listed on the National Do No Call Registry for at least thirty (30) days; (6) for the same purpose as Defendant called Plaintiff Moore; (7) who requested that Defendant stop calling them; and (8) who received at least one additional call from Defendant at least thirty (30) days after requesting that Defendant not call them again.

> **Illinois Telephone Solicitations Act Class:** All persons who reside in Illinois who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's telephone; (4) for the same purpose as Defendant called Plaintiff, (5) where the operator did not inquire at the beginning of the call whether the person called consents to the solicitation.

26.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors;

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate class discovery.

27.     **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

28.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a.      Whether Defendant violated the provisions of 47 U.S.C. § 227 *et seq*. and the regulations promulgated thereunder;

    b.      Whether Defendant systematically made telephone calls using a pre-recorded voice to individual's residential landline numbers who had not previously provided Defendant and/or its agents with their prior express consent to receive such phone calls;

    c.      Whether Defendant made calls using a pre-recorded voice message;

    d.      Whether Defendant systematically made multiple telephone calls, within the same twelve-month period, to consumers whose telephone numbers were

registered with the National Do Not Call Registry for at least 30 days;

e.      Whether Defendant made calls to consumers on the National Do Not Call Registry, despite requests for the calls to be stopped, more than 30 days after the stop request;

f.      Whether Defendant's operator inquired at the beginning of a call to a person in Illinois whether the recipient consented to the receipt of the solicitation;

g.      Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

h.      Whether Defendant acted willfully so as to warrant an award of treble damages.

29.      **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

30.      **Fair and Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

31.      **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those

practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

32.     **Superiority & Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff Pre-Recorded No Consent Class)

33.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34.     Defendant Choice Home Warranty, in an effort to sell its products and services, made unsolicited and unwanted pre-recorded telephone calls to residential telephone numbers belonging to Plaintiff and other members of the Pre-recorded No Consent Class without first obtaining prior express consent.

35.     Such calls are also unlawful when placed to residential telephone subscribers

under 47 U.S.C. § 227(b)(1)(B). Under the TCPA, it is unlawful:

> **to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice** to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B);

*See* 47 U.S.C. § 227(b)(1)(B). (emphasis added).

36.     By making unsolicited telephone calls to Plaintiff and members of the Pre-recorded No Consent Class's residential telephones using a pre-recorded voice without first obtaining prior express consent, Defendant violated the TCPA.

37.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Pre-recorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their residential telephones, annoyance, and invasion of privacy, and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

38.     In the event that the Court determines that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff Moore and the Stop Call DNC Registry Class)**

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     Plaintiff Moore and other members of the Stop Call DNC Registry Class expressly requested that Defendant no longer place calls to them, after which Defendant failed to place Plaintiff and other members of the Stop Call DNC Registry Class on Defendant's internal do-not-call list (or failed to do so within a reasonable time period).

41.     More than thirty days following Plaintiff Moore and the other members of the Stop Call DNC Registry Class' express requests to not receive calls from Defendant, Defendant placed additional telemarketing calls seeking to sell its goods or services to them in contradiction of their requests not to be called.

42.     Defendant violated 47 C.F.R. § 64.1200 (d) by initiating calls for telemarketing purposes to telephone subscribers, such as Plaintiff Moore, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. This includes the failure to have a written policy available upon demand for maintaining a do-not-call list and a failure to train its personnel involved in telemarketing in the existence and use of such a policy or list.

43.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Moore and the Stop Call DNC Registry Class received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs and the Stop Call Registry DNC Class suffered actual damages, an invasion of their privacy, and, under 47 U.S.C. § 227(c), are each entitled to, *inter alia*, up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44.     In the event that Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Stop Call Registry DNC Class.

### THIRD CAUSE OF ACTION
**Violation of Illinois Telephone Solicitations Act, ILCS Ch. 815, ACT 413, *et. seq.***
**(On behalf of Plaintiff Moore and the Illinois Telephone Solicitations Act Class)**

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     Under Illinois law, "a live operator soliciting the sale of goods or services shall . . . inquire at the beginning of the call whether the person called consents to the solicitation." 815 ILCS 415/15.

47.     Defendant violated this provision with respect to Moore and all members of the Illinois-Only Class by placing solicitation calls to their telephones and not inquiring at the beginning of the call whether the person consents to the solicitation.

48.     Pursuant to 815 ILCS 415/25, Moore and the other members of the Illinois-Only Class are entitled to "the recovery of damages . . . [j]udgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees."

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs GEORGE MOORE, on behalf of himself and the Classes, pray for the following relief:

1.     An order certifying the Classes as defined above, appointing Plaintiff George Moore as the representatives of the Classes and appointing their counsel as Class Counsel;

2.     An award of actual and statutory damages to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.     An order declaring that Defendant's actions, as set out above, violate the TCPA and the Illinois Telephone Solicitations Act;

4.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

5.     An injunction and declaration requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes;

6.      An injunction and declaration prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA and the Illinois Telephone Solicitations Act;

7.      An injunction and declaration prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

8.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

9.      Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

                                                             **GEORGE MOORE, ANN FELLOWS** and
**RUFUS MCGILL**, individually and on behalf of
all others similarly situated,

Dated: October 16, 2018          By: /s/ Stefan Coleman

                                                             One of Plaintiff's Attorneys

                                                             Stefan Coleman
(law@stefancoleman.com)
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Steven Owen Ross (Local Counsel)
Attorney at Law
1235 South Prairie Avenue
Suite 1503
Chicago, IL 60605

(312) 566-4170
Email: soratty1@aol.com

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
(720) 213-0675

*Counsel for Plaintiff and the Putative Class*

*\*Pro Hac Vice Motion Forthcoming*