IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHW GROUP, INC., d/b/a Choice Home Warranty,<br><br>Defendant. | Case No. 1:18:cv-06960<br><br>Judge: Hon. Sharon Johnson Coleman |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND/OR TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Defendant CHW Group, Inc. d/b/a Choice Home Warranty ("CHW" or "Defendant") respectfully moves this Court to dismiss the putative class action complaint (Dkt. 1, "Complaint") filed by Plaintiff George Moore ("Plaintiff") in the above-caption matter, in its entirety and with prejudice, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) for failure to meet the requirements for Article III standing. Also in the alternative, should the Court not dismiss the entire Complaint, Defendant also respectfully moves this Court to strike Plaintiff's improper nationwide and "fail-safe" class allegations, among other faulty and improper allegations, from the Complaint pursuant to Fed. R. Civ. P. 12(f) and/or 23. In support of its Motion, Defendant states as follows:

1. This case involves alleged violations of two provisions of the federal Telephone Consumer Protection Act (the "TCPA"), and one provision of the Illinois Telephone

Solicitations Act (the "ITSA"). Plaintiff's threadbare Complaint bases these claims solely on Plaintiff's alleged receipt of calls on his residential phone line made by someone—either CHW or an unspecified "agent"—using a "pre-recorded" voice message or that occurred after he made a "do not call" request without his consent. These claims are unavailing and should be dismissed under Rule 12(b)(6) for several reasons.

2. For starters, Plaintiff fails to plead specific facts demonstrating that CHW is either vicariously or directly liable under the TCPA because Plaintiff fails to plead sufficient facts showing that CHW: (a) actually made the purported "pre-recorded" calls at issue (much less any facts supporting his contention that the calls were actually "pre-recorded" as opposed to live calls); (b) had any agency relationship with the third parties who did make those calls; or (c) actually received and did not honor his "do not call" request, rather than some third party.

3. Plaintiff's ITSA claim also fails because he pleads no facts demonstrating that any of the callers (live or "pre-recorded") failed to seek his consent to be solicited at the outset of the calls, as is required under the ITSA. Plaintiff also fails to plead facts suggesting that any of the alleged calls occurred during a window of time prohibited by the ITSA or that he suffered any damages recoverable under ITSA. Therefore, the Complaint should be dismissed in its entirety and with prejudice pursuant to Rule 12(b)(6).

4. In the alternative to dismissal under Rule 12(b)(6), the Court should dismiss the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff cannot meet the requisite elements for Article III standing—namely, causation and redressability. In this regard, Plaintiff fails to allege any specific facts explaining what conduct is attributable to CHW or how that conduct is traceable to the harm Plaintiff allegedly suffered, let alone plead any facts showing that he was harmed at all. Plaintiff also has not established

how injunctive or monetary relief from CHW will redress allegedly injurious conduct caused by unknown third parties.

5. Should the Court not dismiss the Complaint in its entirety (and it should for the reasons above), it should nevertheless strike Plaintiff's faulty class and other allegations from the Complaint pursuant to Rule 12(f) and/or Rule 23. As to his TCPA claims, Plaintiff seeks to represent two nationwide classes, even though CHW is indisputably a non-Illinois company. Under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), however, this Court may not, as a matter of law, certify a nationwide class here because it lacks specific personal jurisdiction over CHW for the claims of absent putative class members who do not reside in Illinois and who did not receive calls from CHW in Illinois. Moreover, Plaintiff's class allegations for all three of his claims against CHW (two TCPA, one ITSA) represent classic "fail-safe" classes which are likewise improper and should be stricken.

6. Plaintiff's Complaint also seeks relief that is not available under the TCPA or ITSA as a matter of law (e.g., disgorgement), and it includes allegations about other purported "complaints" by third parties that are immaterial and impertinent to these proceedings. These allegations are also improper and should also be stricken from the Complaint.

7. Defendant's Motion is supported by a memorandum of law, which is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, for all the reasons stated above and in the accompanying memorandum of law in support, Defendant CHW Group Inc. respectfully requests that the Court enter an order dismissing Plaintiff's claims against Defendant in this case in their entirety and with prejudice under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1), and granting all other relief the Court deems just

and proper.  Should the Court not dismiss the Complaint in its entirety, it should strike Plaintiff's faulty class and other allegations under Fed. R. Civ. P. 12(f) and/or 23.

Dated: January 7, 2019	Respectfully submitted,

By: /s/ A. Paul Heeringa

A. Paul Heeringa
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin, Suite 2600
Chicago, IL  60606
Telephone: (312) 529-6308
Email: pheeringa@manatt.com

*Attorneys for Defendant CHW Group, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that, on January 7, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

                                              /s/ A. Paul Heeringa
                                              A. Paul Heeringa