UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CHW GROUP, INC., d/b/a Choice Home Warranty, a New Jersey Corporation, | ) ) ) |
| Defendant. | ) ) |

Case No. 18-CV-6960

Judge Sharon Johnson Coleman

## MEMORANDUM ORDER AND OPINION

Defendant CHW Group, Inc. has moved to dismiss the Complaint pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In the alternative, CHW moves to strike Moore's

class allegations pursuant to Federal Rules of Civil Procedure 12(f) or 23.  For the reasons outlined

below, the Court grants CHW's Motion to Dismiss and denies their Motion to Strike as moot [16].

**Background**

Moore alleges that he added his residential phone number to the do-not-call registry on July

6, 2003.  Starting in November 2016, Moore began to receive calls on his residential line soliciting

him to purchase Choice Home Warranty ("CHW") services.  Specifically, Moore received multiple

calls on November 14 and 23, 2016, followed by subsequent calls between November 2016 and

March 2017.  Moore alleges that the caller did not obtain prior express consent to continue with the

call at the inception of each call.

On November 25, 2016, Moore emailed CHW with the title "TCPA Violations" to inform

CHW of four telemarketing calls he received on November 23, 2016.  In the email, Moore stated

that he never completed any contact form for CHW and had no use for their service.  An agent

from CHW responded to Moore that day and informed him that his phone number would be removed from their database. Later that day, Moore received another call regarding CHW services, and Moore again informed the agent in writing that he did not wish to be contacted. Moore emailed CHW a third time on November 28, 2016, in response to another call he received that day and requested that CHW stop calling him.

On December 9 and 13, 2016, Moore received calls from CHW using a pre-recorded solicitation. An agent called Moore on December 14, 2016, and Moore asked the agent how CHW obtained his phone number. The agent stated that Moore had previously visited the CHW website and inquired about a home warranty. Moore informed the agent that he had never visited the CHW website and requested that the agent provide him the date he allegedly did so. The agent did not provide the information and instead hung up the call. Moore continued to receive unsolicited calls regarding CHW throughout the month of December 2016 and additional calls in January and March 2017. Several of the calls were made more than thirty days after Moore requested to no longer receive calls.

Moore then brought this suit, alleging that CHW violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Illinois Telephone Solicitations Act ("ITSA"), 815 ILCS 413/25. Moore seeks actual and statutory damages, an injunction requiring CHW to cease all unsolicited calls, and an award of reasonable attorneys' fees. CHW has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, CHW moves to strike Moore's nationwide and "fail-safe" class allegations pursuant to Federal Rules of Civil Procedure 12(f) or 23.

**Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations and citation omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Standing is a threshold requirement in every federal claim and must be present at the time the lawsuit is filed. *See Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017), cert. denied, 138 S. Ct. 740, 199 L. Ed. 2d 617 (2018). The alleged injury must be "concrete" or "real"; a mere assertion of statutory damages is insufficient. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543, 194 L. Ed. 2d 635 (2016).

**Discussion**

First, CHW contends that Count I fails to state a claim under the TCPA because Moore has not alleged that the calls were made using a pre-recorded voice or alleged the identity of the party making the calls. Moore alleges that CHW violated the TCPA, 47 U.S.C. § 227(b)(1)(B), by placing pre-recorded telephone calls to residential telephone numbers without proper consent. Under the TCPA, a plaintiff must allege the following four elements to state a cause of action: 1) a call was made; 2) the caller used an automated telephone dialing system ("ATDS") or artificial or pre-recorded voice; 3) the telephone number called was to a residential line; and 4) the caller did not

3

have prior express consent of the recipient. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3); *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1000 (N.D. Ill. 2014) (Feinerman, J.).

Moore alleges that he received a number of calls on his residential line. Although the identity of the caller or type of call is generally not stated, Moore alleges that the calls he received from CHW on December 9 and 13, 2016 used a pre-recorded solicitation without further detail. Repeating an element of the cause of action without additional factual allegations is not sufficient to state a claim under the TCPA. *See, e.g., Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (Aspen, J.) (dismissing TCPA claim where "Plaintiff provides[d] no information about the two messages he allegedly received from [defendant] other than stating that [defendant] left pre-recorded messages on his cellular phone using an ATDS"); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013), on reconsideration (June 7, 2013) (Castillo, J.) (same). At the very least Moore is required to plead a layman's explanation for why he believed that the solicitation was pre-recorded. Without this, Moore does not supply sufficient independent facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged misconduct. *Twombly*, 550 U.S. at 556. Because Count I fails to allege the second element, the Court need not further assess whether Moore sufficiently alleges that CHW or their agent initiated the calls at issue. The Court dismisses Count I for failure to state a claim.

Second, CHW asserts that Count II fails to state a claim under the TCPA because Moore has not alleged whether the calls were unlawful solicitation or the identity of the party making the alleged calls. Count II alleges that CHW violated the TCPA by calling consumers who are registered on the do-not-call list. The TCPA prohibits any person or entity from initiating any "telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government ..." 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(1).

4

Here, Moore alleges that during the series of calls he received, he was solicited to purchase CHW services. (Dkt. 1 ¶¶ 12, 16, 41.) Although Moore could have included additional detail regarding the nature of the solicitation, these allegations are distinct from those this Court considered in *Norman v. N. Illinois Gas Co.*, No. 13 CV 3465, 2014 WL 184774, at \*2 (N.D. Ill. Jan. 16, 2014) (Coleman, J.). In *Norman*, the plaintiff alleged that the caller requested to speak with a specific individual and did not allege that the calls were solicitations. *Id.* As such, Moore sufficiently alleges that the calls were unlawful solicitation.

Next, the Court considers whether Moore sufficiently alleged that CHW initiated telephone solicitation calls to Moore in violation of his registration on the do-not-call registry. Moore alleges that he registered his residential phone number on the list in July 2003 and informed CHW about his registration on the list, yet he continued to receive calls about CHW products. CHW contends that despite these allegations, Moore's claim fails because he does not allege that CHW made the calls to Moore nor does he allege specifics regarding CHW's do-not-call list practices. Moore's failure to respond to these arguments equals a concession that his TCPA do not-call-list claim should be dismissed. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). The Court dismisses Count II with prejudice.

Third, CHW contends that Count III fails to state a claim because Moore does not sufficiently allege that the caller did not inquire whether the recipient consented to the solicitation. CHW further asserts that the claim fails because Moore does not allege the time of day that the calls were placed. Count III alleges that CHW violated ITSA by calling consumers without asking at the beginning of the call whether the consumer consented to the solicitation. Moore does not allege anything regarding the time when the calls were received, so the Court focuses only on whether Moore sufficiently alleges a violation based on securing consent. *See* 815 ILCS 413/25(b).

5

ITSA requires that a live operator soliciting the sale of goods or services: (1) immediately state his or her name, the name of the business or organization being represented, and the purpose of the call; (2) inquire at the beginning of the call whether the person called consents to the solicitation; and (3) if the person called requests to be taken off the contact list of the business or organization, the operator must refrain from calling that person again and take all steps necessary to have that person's name and telephone number removed from the contact records of the business or organization. 815 ILCS 413/15(b). Moore does not identify which, if any calls, during which he was solicited to purchase CHW's services were made by a live operator. Further, Moore does not allege whether a live operator requested or failed to ask for his consent to continue a phone call with him. Instead, Moore repeats the conclusory statute element that the calls he received were "unsolicited" and consent was not requested, without any factual support. Without such allegations, Moore fails to state a claim for a violation of ITSA.

Next, CHW contends that Moore lacks Article III standing to pursue this case in light of the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). In *Lexmark*, the Court held that a plaintiff must allege a "concrete" or "real" injury in order to establish standing. *Id.* at 125–28. *Lexmark*, however, does not deprive the Court of Article III standing because a violation of the TCPA causes concrete, de facto injuries. *See Aranda v. Caribbean Cruise Line, Inc.*, 202 F. Supp. 3d 850, 854–57 (N.D. Ill. 2016) (Kennelly, J.); *Yates v. Checkers Drive-In Restaurants, Inc.*, No. 17-CV-9219, 2018 WL 3108889, at *3 (N.D. Ill. June 25, 2018) (Coleman, J.). Here, Moore would have standing if he had sufficiently alleged violations of the TCPA.

Finally, CHW moves to strike Moore's nationwide and "fail-safe" class allegations pursuant to Federal Rules of Civil Procedure 12(f) or 23. Because the Court grants CHW's motion to dismiss, the Court does not consider these arguments at this time.

**Conclusion**

Based on the foregoing, the Court grants CHW's Motion to Dismiss. The Court dismisses Counts I and III without prejudice and Count II with prejudice. The Court denies CHW's Motion to Strike as moot.


IT IS SO ORDERED.


Date: 7/17/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge