IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE MOORE**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**CHW GROUP, INC.**, d/b/a Choice Home Warranty, a New Jersey corporation<br><br>    Defendant. | Case No. 1:18-cv-06960<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff George Moore ("Plaintiff" or "Moore") brings this First Amended Class Action Complaint against Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("Choice Home Warranty" or "Defendant") to: (1) stop its practice of placing pre-recorded telephone calls to residential telephone numbers without the proper consent, and (2) stop calls to Illinois consumers without asking at the beginning of the call whether the Illinois consumer consents to the solicitation. Moore, for his First Amended Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1.  Plaintiff Moore is a resident of Carol Stream, DuPage County, Illinois.

2.  Defendant Choice Home Warranty is a corporation incorporated and existing under the laws of the State of New Jersey. Its principal office address is 1090 King Georges Post Rd, Edison, New Jersey 08837. Choice Home Warranty does business throughout the United States, including in the State of Illinois and in this District.

1

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, a federal statute. This Court has supplemental subject-matter jurisdiction over the ancillary and pendent state law claim under 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District,[1] and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is further proper in this District because Plaintiff Moore resides in this District.

**COMMON ALLEGATIONS OF FACT**

6. Defendant Choice Home Warranty offers appliance service contracts that purport to protect homeowners against high repair and replacement costs.

7. Defendant Choice Home Warranty casts its marketing net too wide. That is, in an attempt to promote Choice Home Warranty's business and services, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the making of repeated pre-recorded voice calls to consumers' residential landline telephones—including numbers that appear on the National Do Not Call Registry—without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). In

---

[1] *See e.g.* http://www.choicehomewarranty.com/user_agreement.php (Choice Home Warranty's

2

addition, Defendant calls consumers on the National Do Not Call Registry even after such consumers specifically request that the calls stop.

8.  Consumer complaints about Choice Home Warranty's invasive and repetitive calls are legion. As a sample, consumers have complained as follows:

- "Choice home warranty. They won't stop calling even though I've asked repeatedly."[2]
- "I've asked them repeatedly to stop calling me. I've added them to the auto rejection list."[3]
- "I get calls from these people time and time again. I keep telling them to stop calling me. Its choice home warranty. If i was thinking about giving them any business, they lost it by their constant harassing phone calls"[4]
- "Company keeps calling my phone and most times don't say anything when I answer the phone."[5]
- "I have asked for them to stop calling and to be removed from the list and yet they call 8-9 times a day"[6]
- "This number keeps calling and hanging up and another number does the same, 732-898-3609"[7]
- "some home warranty robo call"[8]
- "rang once then hung up I told them to stop calling. I keep blocking numbers they call from."[9]
- "I was looking for an appliance warranty online and got sucked in by these jacka$$es promise of a free quote online. Stupidly entered my phone number... received NO quote online, but did receive daily and some times 4-5 times daily phone calls. I have answered on numerous occasions, told them I'm not interested so I finally just blocked them."[10]
- "Got one this morning and have been getting them every other day; no message left. Called it from a different number and they answered as 'choice home warranty.'"[11]
- "It was from a home warrant service - Choice .....I have asked a few time to be removed from the list ....I asked again today!"[12]

---

[2] htttps://www.shouldianswer.com/phone-number/8008144345
[3] *Id.*
[4] https://800notes.com/Phone.aspx/1-732-374-3353/2
[5] *id*
[6] *id*
[7] *id*
[8] http://800notes.com/Phone.aspx/1-800-814-4345
[9] *Id.*
[10] *Id.*
[11] http://800notes.com/Phone.aspx/1-732-374-3396
[12] *Id.*

3

9. When placing these calls to consumers, Choice Home Warranty failed to obtain prior express consent of telephone owners/users as required by the TCPA.

10. Defendant knowingly made (and continues to make) telemarketing calls to residential telephones without the prior express consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Classes but also willfully and repeatedly violated the TCPA.

11. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasions of privacy that result from the receipt of such calls. Furthermore, the calls temporarily interfered with Plaintiff's and the other Class members' use and enjoyment of their telephones, including the related data, software, hardware components and ability to use their property.

12. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to residential telephone consumers using pre-recorded voice technology as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

13. Moreover, in violation of Illinois law, CHW's operators do not inquire at the beginning of the telemarketing calls directed to consumers in Illinois whether the recipient consents to the solicitation.

**FACTS SPECIFIC TO PLAINTIFF GEORGE MOORE**

14. On or about July 6, 2003, Plaintiff Moore registered his residential phone number

4

(630) 510-XXXX on the National Do Not Call registry to avoid unsolicited telemarketing calls to that number.

15. Starting in November 2016, Plaintiff Moore received a series of calls on his residential line, including pre-recorded calls, soliciting him to purchase Choice Home Warranty services.

16. Specifically, among other calls, Plaintiff Moore received calls on November 14, 2016 (multiple times), November 23, 2016 (multiple times), November 25, 2016, November 28, 2016, December 8, 2016, December 9, 2016, December 13, 2016, December 14, 2016, January 23, 2017, March 9, 2017, and March 10, 2017.

17. Defendant Choice Home Warranty called Plaintiff Moore's residential phone number on December 9, 2016 at 10:15 a.m. from 732-374-3401 using a pre-recorded solicitation. When Plaintiff answered the call, he heard a pre-recorded solicitation to purchase a home warranty. The name "Choice Home Warranty" was clearly stated during the pre-recorded voice message, which used a recording of a man's voice. No live operator was involved in the call. It was obvious to Moore from the speaker's cadence that the call was prerecorded. There was no "hello, how are you" or any other sort of live human interaction; simply put, it was an electronic, pre-recorded message.

18. CHW made an additional pre-recorded solicitation call to Plaintiff Moore's residential phone number on December 13, 2016 at 12:12 p.m. from 732-898-3609.

19. Other calls that Plaintiff Moore received from CHW on his residential phone number featured a live operator. These live-operator calls were received on:

- November 23, 2016 at 9:47 a.m. and 10:02 a.m. from phone number 732-947-5776, and at 1:03 p.m. from phone number 732-379-5309.

5

- November 25, 2016 at 1:24 p.m. from phone number 732-379-5309

- December 14, 2016 at 4:21 p.m. from phone number 732-374-3396

- March 10, 2017 at 10:18 a.m. from phone number 732-374-3401

20. The CHW operator did not inquire at the beginning of any of the calls whether Moore consented to the solicitation.

21. For example, during the December 14, 2016 call, Moore was greeted by an actual human who identified himself as "Michael from Choice Home Warranty". Michael did not inquire at the beginning of the call whether Moore agreed to the solicitation. Rather, Michael said he was calling to discuss promotions in Illinois for home warranties. Michael then transferred Moore to a man who identified himself as "Alan from Choice Home Warranty". Once Alan was on the phone, Moore asked why he was being called. Alan said that Moore recently visited CHW's website to inquire about a warranty. Moore informed Alan that he never did so and asked for details regarding Alan's claim that Moore had inquired about a warranty on CHW's website. At that point, Alan hung up on Moore, terminating the call.

22. Likewise, during the March 10, 2017 call, Moore answered the phone and was greeted by an actual human who identified herself as "Susan from Choice Home Warranty". Susan did not inquire at the beginning of the call whether Moore consented to the solicitation. Rather, Susan notified Moore that the call may be recorded and stated she was calling to share promotions available in Illinois regarding warranties to cover home systems and appliances. Moore then asked if Susan "remember[ed] what [he] said the last time" CHW called. Susan said she did not remember. Moore then said that he asked to not receive any more calls.

23. The other live-operator calls featured a similar sales pitch regarding Choice Home Warranty's products and services. The CHW operator never asked at the beginning of the calls if

6

Moore consented to the solicitation.

24. On November 25, 2016 Plaintiff Moore emailed Choice Home Warranty with the title "TCPA Violations" and informed Choice Home Warranty about 4 telemarketing calls he had received from Choice Home Warranty to his phone which is registered on the National Do Not Call Registry. In that email, Moore states that he never filled out or completed any contact form to be called by Choice Home Warranty and would have no use for such a service. In addition, he requested a copy of their do-not-call policy. An agent from Choice Home Warranty responded to Plaintiff Moore that day and informed him that his phone number would be removed from their database. Later that day, Plaintiff Moore received another telemarketing call from Choice Home Warranty and again informed the Choice Home Warranty agent in writing that the calls should stop and that he informed the previous caller for the calls to stop. He also requested that the agent send him their do not call policy. The agent acknowledged his do not call policy request but never provided it to him. To date no one has ever provided Plaintiff with a copy of Choice Home Warranty's do not call policy.

25. On November 28, 2016 Plaintiff Moore once again emailed Choice Home Warranty providing his phone number and again requesting that the calls stop since he had received yet another call that day. He also once again requested the alleged consent including the date, time, and website that Defendant was claiming he had visited. Choice Home Warranty never responded to this request.

26. Despite these written requests for the calls to stop, Plaintiff Moore continued to receive unsolicited calls from Choice Home Warranty. Thus, even if CHW had consent from Moore at some point in time (it did not), Moore revoked any supposed consent and yet continued to receive additional calls.

7

27.     Plaintiff Moore does not have a relationship with Defendant, never provided any consent to be called using a pre-recorded voice or otherwise, and repeatedly and explicitly revoked any consent he may have previously given for Defendant to contact him.

## CLASS ACTION ALLEGATIONS

28.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff Moore brings this action on behalf of themselves and the three classes defined as follows:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agency acting on behalf of Defendant) called on the person's residential telephone (2) using a prerecorded voice message, and (3) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff.
>
> **Illinois Telephone Solicitations Act Class:** All persons who reside in Illinois who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's telephone; (4) for the same purpose as Defendant called Plaintiff, (5) where the operator did not inquire at the beginning of the call whether the person called consents to the solicitation.

29.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate class discovery.

30.     **Numerosity**: The exact sizes of the Classes are unknown and not available to

Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a.    Whether Defendant violated the provisions of 47 U.S.C. § 227 *et seq*. and the regulations promulgated thereunder;

    b.    Whether Defendant systematically made telephone calls using a pre-recorded voice to individual's residential landline numbers who had not previously provided Defendant and/or its agents with their prior express consent to receive such phone calls;

    c.    Whether Defendant made calls using a pre-recorded voice message;

    d.    Whether Defendant's operator inquired at the beginning of a call to a person in Illinois whether the recipient consented to the receipt of the solicitation;

    e.    Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

    f.    Whether Defendant acted knowingly and/or willfully so as to warrant an award of treble damages.

32. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful

conduct during transactions with Plaintiff and the Classes.

33. **Fair and Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

34. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

35. **Superiority & Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far

fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff Moore and the Pre-Recorded No Consent Class)

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendant Choice Home Warranty, in an effort to sell its products and services, made unsolicited and unwanted pre-recorded telephone calls to residential telephone numbers belonging to Plaintiff and other members of the Pre-recorded No Consent Class without first obtaining prior express consent.

38. The pre-recorded calls to Plaintiff occurred on December 9, 2016 and December 13, 2016. Additional pre-recorded calls may have been received, which are facts within Defendant's peculiar knowledge and control (as to whether it used artificial voices for campaigns that tricked Plaintiff into thinking it was a live person).

39. Such calls are also unlawful when placed to residential telephone subscribers under 47 U.S.C. § 227(b)(1)(B). Under the TCPA, it is unlawful:

> **to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice** to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B);

*See* 47 U.S.C. § 227(b)(1)(B). (emphasis added).

40. By making unsolicited telephone calls to Plaintiff and members of the Pre-recorded No Consent Class's residential telephones using a pre-recorded voice without first obtaining prior express consent, Defendant violated the TCPA.

41. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Pre-recorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their residential telephones, annoyance, and invasion of privacy, and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

42. In the event that the Court determines that Defendant's conduct was willful or knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded No Consent Class.

## SECOND CAUSE OF ACTION
**Violation of Illinois Telephone Solicitations Act, ILCS Ch. 815, ACT 413, *et. seq.***
**(On behalf of Plaintiff Moore and the Illinois Telephone Solicitations Act Class)**

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Under Illinois law, "a live operator soliciting the sale of goods or services shall . . . inquire at the beginning of the call whether the person called consents to the solicitation." 815 ILCS 413/15.

45. Defendant violated this provision with respect to Moore and all members of the Illinois-Only Class by placing solicitation calls to their telephones using a live operator and not inquiring at the beginning of the call whether the person consents to the solicitation.

46. As set forth above, Moore received live operator solicitations that failed to seek consent at the beginning of the call on or about:

　　a. November 23, 2016 at 9:47 a.m. and 10:02 a.m. from phone number 732-947-5776, and at 1:03 p.m. from phone number 732-379-5309.

　　b. November 25, 2016 at 1:24 p.m. from phone number 732-379-5309

　　c. December 14, 2016 at 4:21 p.m. from phone number 732-374-3396

      d.   March 10, 2017 at 10:18 a.m. from phone number 732-374-3401.

47.   Pursuant to 815 ILCS 413/25, Moore and the other members of the Illinois-Only Class are entitled to "the recovery of damages . . . [j]udgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff GEORGE MOORE, on behalf of himself and the Classes, prays for the following relief:

1.   An order certifying the Classes as defined above, appointing Plaintiff George Moore as the representative of the Classes and appointing his counsel as Class Counsel;

2.   An award of actual and statutory damages to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.   An order declaring that Defendant's actions, as set out above, violate the TCPA and the Illinois Telephone Solicitations Act;

4.   An injunction and declaration requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes;

5.   An injunction and declaration prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA and the Illinois Telephone Solicitations Act;

6.   An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

7.   Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

|  |  |
|---|---|
| Dated: August 16, 2019 | **GEORGE MOORE,** individually and on behalf of all others similarly situated,<br><br>By: /s/ Patrick H. Peluso<br><br>One of Plaintiff's Attorneys<br><br>Steven Owen Ross<br>Attorney at Law<br>1235 South Prairie Avenue<br>Suite 1503<br>Chicago, IL 60605<br>(312) 566-4170<br>Email: soratty1@aol.com<br><br>Steven L. Woodrow<br>swoodrow@woodrowpeluso.com<br>Patrick H. Peluso<br>ppeluso@woodrowpeluso.com<br>Woodrow & Peluso, LLC<br>3900 East Mexico Ave., Suite 300<br>Denver, Colorado 80210<br>(720) 213-0675<br><br>Stefan Coleman<br>(law@stefancoleman.com)<br>Law Offices of Stefan Coleman, P.A.<br>201 S. Biscayne Blvd, 28th Floor<br>Miami, FL 33131<br>Telephone: (877) 333-9427<br>Facsimile: (888) 498-8946<br><br>*Counsel for Plaintiff and the Putative Class* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 16, 2019.

/s/ Patrick H. Peluso